1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

JOSE RESENDEZ,

12

Plaintiff,

13

v.

14

ADVANCED DRAINAGE SYSTEMS, INC.,

15

Defendant.

16

17

Case No. 1:22-cv-01554-JLT-SAB

ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' STIPULATED MOTION TO MODIFY SCHEDULING ORDER

(ECF No. 9)

18

**I.**

19

**INTRODUCTION**

20   Plaintiff filed this action in the Madera County Superior Court on October 27, 2022.  (ECF

21   No. 1.)  Defendant removed the action to this Court on December 1, 2022.  (Id.)  A scheduling

22   order for this matter was issued on January 31, 2023.  (ECF No. 8.)  The scheduling order contains

23   the following dates and deadlines:

24   1.   Non-Expert Discovery Deadline: **October 27, 2023**;

25   2.   Expert Disclosure Deadline: **November 20, 2023**;

26   3.   Supplemental Expert Disclosure Deadline: **December 22, 2023;**

27   4.   Expert Discovery Deadline: **February 2, 2024**;

28   5.   Dispositive Motion Filing Deadline: **February 28, 2024**;

1   6.       Pretrial Conference: **August 26, 2024,** at **1:30 p.m.**, in **Courtroom 4**; and

2   7.       Trial: **October 22, 2024**, at **8:30 a.m.**, in **Courtroom 4**.

3  (Id.)

## II.

## LEGAL STANDARDS

This Court generally has significant discretion and authority to control the conduct of discovery. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The prejudice to other parties, if any, may be considered, but the focus is on the moving party's reason for seeking the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end, and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Mammoth Recreations, 975 F.2d 604 at 609). "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." United States ex rel. Terry v. Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (internal quotation marks and citation omitted) (alteration in original).

It is "significant" when a party is seeking a "retroactive reopening" of discovery rather than extending the discovery deadline. West Coast Theater Corp. v. City of Portland, 897 F.2d 1519,

1524 (9th Cir. 1990).  "The difference [between the two types of requests] is considerable" because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline."  Id.  When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, the Court is to "consider the following factors: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence."  City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017).

## III.

## DISCUSSION

On October 31, 2023, the parties filed a stipulation to extend the case schedule, which the Court construes as a stipulated motion to modify the scheduling order.  (ECF No. 9.)  The parties stipulate to an extension of the October 27, 2023 non-expert discovery deadline and all subsequent deadlines by ninety (90) days.  (Id. at 2.)  The parties proffer they exchanged written discovery in spring 2023 and subsequently spent the next several months engaged in informal settlement negotiations.  (Id. at 2.)  The parties eventually agreed that deposing Plaintiff was necessary before settlement negotiations could continue and Plaintiff's counsel agreed to "grant Defendant deposition priority."  (Id.)  The parties represent Plaintiff's deposition was initially scheduled for July 2023, but had to be rescheduled multiple times due to continued settlement efforts or scheduling conflicts.  (Id.)  On October 17, 2023, Defendant took Plaintiff's deposition.  (Id.) Plaintiff has not deposed any of Defendant's witnesses.  (Id.)

**A.     The Parties' Stipulated Motion to Extend the Non-Expert Discovery Deadline**

The non-expert discovery deadline expired on October 27, 2023.  (ECF No. 9.)  The parties filed the instant stipulated motion to extend non-expert discovery on October 31, 2023.  The parties are therefore requesting that the Court sanction the parties' "retroactive reopening" of non-expert discovery to allow Plaintiff to begin deposing Defendant's witnesses.  West Coast Theater Corp.,

1   897 F.2d at 1524 (noting a "considerable" difference between a motion to retroactively reopen

2   discovery and a request to extend the discovery deadline).  Upon consideration of the legal

3   standards and the above proffered reasons for good cause, the Court finds the parties have not been

4   diligent and will not grant the parties' motion to reopen non-expert discovery for an additional

5   ninety days.  In the January 31, 2023 scheduling order, the Court expressly stated:

6
7   > The parties are cautioned that the discovery/expert cut-off deadlines
8   > are the dates by which all discovery must be completed. Absent
    > good cause, discovery motions will not be heard after the discovery
    > deadlines. Moreover, absent good cause, the Court will only grant
9   > relief on a discovery motion if the relief requested requires the
    > parties to act before the expiration of the relevant discovery
10  > deadline. In other words, discovery requests and deposition notices
    > must be served sufficiently in advance of the discovery deadlines to
    > permit time for a response, time to meet and confer, time to prepare,
11  > file and hear a motion to compel and time to obtain relief on a
    > motion to compel. Counsel are expected to take these contingencies
12  > into account when proposing discovery deadlines. Compliance with
    > these discovery cutoffs requires motions to compel be filed *and*
13  > *heard* sufficiently in advance of the discovery cutoff so that the
    > Court may grant effective relief within the allotted discovery time.
14  > A party's failure to have a discovery dispute heard sufficiently in
    > advance of the discovery cutoff may result in denial of the motion
    > as untimely.
15

16   (ECF 8 at 3 (emphasis in original).)

17        The parties have not demonstrated that even with the exercise of due diligence, they could

18  not meet the requirements of the scheduling order.  In their stipulation, the parties represent they

19  completed written discovery in "spring 2023," then engaged in settlement negotiations for "several

20  months" and, in those discussions, agreed to "grant Defendant deposition priority" to depose

21  Plaintiff before Plaintiff deposed Defendant's witnesses.  (ECF No. 9 at 2.)  The parties proffer

22  they attempted to schedule Plaintiff's deposition in July 2023 but, due to scheduling conflicts,

23  could not depose Plaintiff until October 17, 2023.  (Id.)  Thus, there was a stagnant ten-day period

24  between the completion of Plaintiff's deposition and the non-expert discovery deadline.  Clearly,

25  the parties should have moved for modification of the scheduling order earlier than the date the

26  instant motion was submitted.  The parties have provided no reason why they did not present this

27  foreseeable motion to the Court at an earlier date, despite the Court's express "caution[]" to the

28  parties regarding the requirements for discovery deadlines in the January 31, 2023 scheduling

1   order.  (ECF 8 at 3.)    The Court also considers the relatively short timeframe between the non-

2   expert discovery deadline on October 27, 2023 and the parties' filing of the instant motion on

3   October 31, 2023.  However, the Ninth Circuit has affirmed a court's similar denial of a motion to

4   reopen discovery made just three days after the original discovery period ended.  See West Coast

5   Theater Corp., 897 F.2d at 1524.

6          While this is a stipulated motion—which the Court recognizes is supported by a declaration

7   from Defendant's counsel—and there is no demonstration of prejudice to any party, the moving

8   parties have not demonstrated diligence in adhering to the guidelines first proposed by the parties

9   in the joint scheduling order (ECF No. 6), then confirmed by the parties at the January 31, 2023

10  status conference (ECF No. 7), and then established by the Court in the January 31, 2023

11  scheduling order (ECF No. 8).  Further, although there may be additional relevant discovery to be

12  uncovered given Plaintiff has yet to take *any* depositions, the foreseeability of the need for Plaintiff

13  to take depositions of defense witnesses was clearly present at earlier points in this litigation,

14  namely after written discovery was exchanged in the spring of 2023 until the non-expert discovery

15  deadline on October 27, 2023.  See City of Pomona, 866 F.3d at 1066.  The Court finds the lack of

16  diligence in failing to move the Court at an earlier date leads the Court to conclude the parties'

17  stipulated motion to reopen fact discovery and modify the scheduling order is not supported by

18  good cause.

19         The Court notes that the parties may agree to conduct non-expert discovery after the

20  October 27, 2023 deadline.  The Court will not prohibit the parties from doing so.  However, if the

21  parties agree to engage non-expert discovery after October 27, 2023, any motion to compel or other

22  non-expert discovery motion made to the Court "will result in denial of the motion as untimely."

23  (See ECF 8 at 3).  Accordingly, the Court denies the parties' stipulated motion to reopen non-

24  expert discovery.

25         **B.      The Parties' Stipulated Motion to Extend the Remaining Deadlines**

26         The parties proffer that they have agreed to extend the following deadlines by ninety days:

27  (1) expert disclosure deadline on November 20, 2023; (2) supplemental expert disclosure deadline

28  on December 22, 2023; (3) expert discovery deadline on February 2, 2024; (4) dispositive motion

1 | filing deadline on February 28, 2025; (5) the pretrial conference set for August 26, 2024; and (6)

2 | the jury trial set for October 22, 2023.  (ECF No. 9 at 2.)

3 |      The Court finds good cause to grant the timely stipulated extension of the above-listed

4 | deadlines; however, finds a ninety-day extension of each deadline to be excessive without a

5 | reasonable explanation as to the requested timeframe.  Therefore, the Court will grant the parties'

6 | stipulated extension to modify all deadlines after the expired non-expert discovery deadline for

7 | sixty (60) days.  Should the parties require an additional modification to the deadlines in the instant

8 | action, the parties may make such a request in conformance with the scheduling order.[1]

9 | **V.**

10 | **CONCLUSION AND ORDER**

11 |      Based on the foregoing, IT IS HEREBY ORDERED that:

12 |     1.    The parties' stipulation to reopen non-expert discovery is DENIED;

13 |     2.    The parties' stipulation to modify the scheduling order in GRANTED, but is

14 |         limited to a sixty (60) day extension of each deadline other than non-expert

15 |         discovery as follows:

16 |         a.    Expert Disclosure Deadline: **January 19, 2024**;

17 |         b.    Supplemental Expert Disclosure Deadline: **February 20, 2024;**

18 |         c.    Expert Discovery Deadline: **April 2, 2024**;

19 |         d.    Dispositive Motion Filing Deadline: **April 29, 2024**;

20 |         e.    Pretrial Conference: **October 28, 2024,** at **1:30 p.m.**, in **Courtroom 4**; and

21 |         f.    Trial: **January 7, 2025**, at **8:30 a.m.**, in **Courtroom 4**.

    IT IS SO ORDERED.

22 |

23 | Dated:   **November 2, 2023**                      

                                   UNITED STATES MAGISTRATE JUDGE

24 |

25 |

---

26 | [1] "**Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting**

27 | **the relief requested. The parties are advised that due to the impacted nature of civil cases on the district judges in the Eastern District of California, Fresno Division, that stipulations to continue set dates are**

28 | **disfavored and will not be granted absent good cause**." (ECF No. 8 at 7 (emphasis in original).)